IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KENNDRICK LEDBETTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-2122-JDT-cgc |
| | ) | |
| SHELBY COUNTY JAIL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT
AND TO COMPLY WITH 28 U.S.C. §§ 1915(a)(1)-(2) OR
PAY THE ENTIRE $400 CIVIL FILING FEE

On February 13, 2017, Plaintiff Kenndrick Ledbetter, booking number 13146668, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed two *pro se* letters accompanied by copies of grievances and responses from the Jail. (ECF No. 1.) The Court has construed these documents as a complaint for violation of his civil rights, pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $400 civil filing fee or submit an application to proceed *in forma pauperis* and a certified copy of his inmate trust account for the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

In this case, Plaintiff asserts in his documents that his Eighth Amendment rights have been violated in various ways. (ECF No. 1 at 1.) However, he names no specific defendants[1] and includes only very brief factual allegations regarding each claim. Thus, in their present form, Plaintiff's documents are inadequate to state any claim on which relief may be granted.

Plaintiff is ORDERED to file an amended complaint within 30 days after the date of this order. The text of the amended complaint must identify each defendant sued, set forth the specific causes of action that are asserted against each defendant, and allege sufficient facts to support each of those claims. If Plaintiff fails to timely file an amended complaint the Court will dismiss the case without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Under the PLRA, 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the

---

[1] The Court has made an attempt to determine, from Plaintiff's documents, the entities and individuals he may have meant to sue. However, the documents contain no list of defendants; therefore, the Court cannot be certain of Plaintiff's intent.

remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2).

As stated, Plaintiff has failed to pay the $400 filing fee or submit an *in forma pauperis* affidavit and trust account statement in accordance with the PLRA. Therefore, Plaintiff is also ORDERED to submit, within 30 days after the date of this order, either the entire $400 filing fee or a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months. The Clerk is directed to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this order.

If Plaintiff timely submits the necessary financial information and the Court finds he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.

If Plaintiff needs additional time to submit either an amended complaint or his financial information, he may, within 30 days after the date of this order, file a motion for an extension of time.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE